[No. 23746. Department Two. July 19, 1933.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER
THARMOS, *Appellant*.[1]

*Richards & Kennedy*, for appellant.

*Charles R. Denney* and *Francis W. Mansfield*, for respondent.

BEALS, C. J.—Peter Tharmos was charged with the crime of carnal knowledge of a female child under the age of fifteen years. The jury brought in a verdict of

[1]Reported in 24 P. (2d) 62.

guilty, and from judgment and sentence thereon he appeals.

The only assignments of error argued by appellant are based upon the refusal of the trial court to instruct the jury as requested by appellant, and upon the order denying appellant's motion for a new trial.

In considering the assignments of error based upon the refusal to instruct the jury, a brief discussion of the evidence is necessary. Appellant was accused of having had sexual intercourse with a young girl thirteen years of age. This girl (who will be referred to herein as X) and a girl friend of hers a year older (who will be referred to herein as Z) both testified that appellant took them in his automobile to a secluded spot some distance from Everett, where he had intercourse with X in the presence of Z, and that, after the act, appellant gave a small amount of money to X and to Z.

On cross-examination, each girl testified that she had, for some months prior to the time of the ride with appellant, submitted to sexual intercourse with other men, for which money had been paid. On this phase of the case, the trial court instructed the jury as follows:

"You are instructed that evidence has been admitted in this case of the unchastity of the witnesses X and Z. If X had previously had sexual intercourse with some other, or others, that fact of itself is no defense if the accused actually had intercourse with her and she was under the age of fifteen years. Evidence of prior intercourse is admitted solely for the purpose of affecting the credibility of said witness, and you should consider such evidence only in determining what weight and credit you will give to the testimony of said witness."

Appellant requested an instruction in the following form:

"You are instructed that evidence has been admitted in this case tending to show that witnesses X and Z are prostitutes. If X was a prostitute, that fact, of itself, is no defense if the accused actually had sexual intercourse with her and she was under the age of fifteen years. Evidence of prior acts of prostitution is admitted solely for the purpose of affecting the credibility of said witnesses, and you should consider such evidence only in determining what weight and credit you will give to the testimony of said witnesses."

Appellant assigns error upon the failure to give the instruction which he requested. Evidently, the trial court considered appellant's requested instruction and based the one above quoted thereon, eliminating all reference to the girls as prostitutes. Evidence was admitted to the effect that the girls had accepted money for submitting to sexual intercourse, and appellant's counsel, in his argument to the jury, had the right to draw from this testimony any deductions which logically followed therefrom.

The two girls who testified were living at their respective homes and attending high school. The trial court in its instruction properly refused to use the word "prostitute" in referring to the girls; they were not subject to such a designation.

Appellant also criticizes the instruction because the latter portion thereof refers only to X. In this particular, the instruction resembles that requested by appellant, and he can not complain if the court followed the form which he himself suggested.

Appellant requested the court to instruct the jury as follows:

"The court instructs the jury that if the jury should believe from the evidence that any female witness who testified in this case is a prostitute, that is, one who in-

dulges in sexual intercourse for money, then the jury should view the testimony of such witness with great caution;''

and contends that the court erred in refusing to do so. No authority is cited to the effect that the trial court should have instructed the jury as to the weight which should be given to the testimony of a prostitute or of a female who is shown to have submitted to sexual intercourse for money. That status may in proper cases be shown for the purpose of affecting the credibility of the witness, but no authority is called to our attention which justifies extending to such a case the rule applicable to the testimony of accomplices in a criminal action.

The trial court did not err in refusing to instruct the jury as requested by appellant.

■ Finally, appellant contends that the court erred in refusing to allow him to a second time move for a new trial, after the court had ruled upon his motion, on the ground of misconduct on the part of a juror. Assuming that the motion was seasonably made, we find no error in the ruling of the trial court. Affidavits filed by appellant state that, one evening after the adjournment of court and while the jury was returning from dinner, a man approached a juror, taking him by the arm and walking beside him for fifty or sixty feet, engaging him in conversation. No third party claims to have heard what was said between this man and the juror, and the juror deposed that the man who spoke to him was an old friend of his, who, seeing him walking along the street and not knowing that he was on jury duty, made some jocular remark to which the juror replied in kind. The juror states that he did not warn his friend as to the true situation because the whole incident was over in a moment. The man who spoke to the juror deposed that he did not realize

that his friend was a member of a jury, that the only conversation between them concerned the apparent marching of the jury along the sidewalk, and that no other subject was mentioned between the men.

The showing made by appellant is wholly insufficient to constitute misconduct on the part of the juror in question. It does not appear that he endeavored to talk to any outsider, and if verdicts can be overturned because a third party, under the circumstances here shown, says a few words to a juror, no verdict could be assured. The remedy for such acts rests with the trial court, which has full authority to punish any improper attempt to communicate with a juror; and it does not appear that the trial court deemed any such action necessary in this instance.

Finding no error in the record, the judgment appealed from is affirmed.

MAIN, TOLMAN, STEINERT, and BLAKE, JJ., concur.